IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01351-RBJ-MEH

KENT VU PHAN,

    Plaintiff,

v.

HAMMERSMITH MANAGEMENT, INC.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Hammersmith Management, Inc.'s Motion to Dismiss. ECF No. 19. In the Motion, Defendant seeks to dismiss Plaintiff's claims under the Americans with Disabilities Act ("ADA"), claims for "environmental harassment," and Colorado tort claims alleged in the "Amendment Complaint and Jury Demand Continuing Violation, Continuing Claim Cases: 16-cv-03111, 17-cv-02830" ("Amended Complaint"). Defendant argues that Plaintiff's ADA claims have already been dismissed with prejudice by Senior Judge Lewis T. Babcock, and that Plaintiff's "environmental harassment" and Colorado tort claims are barred by the doctrine of res judicata and the applicable statute of limitations. Additionally, at the Tenth Circuit's direction, I address the issue of whether Plaintiff has alleged plausible claims for premises liability or breach of contract under Colorado law. Ultimately, I conclude those claims fail as well. For the reasons that follow, I respectfully recommend that the Motion be **granted**.

**BACKGROUND**

I.  **Statement of Facts**

Plaintiff proceeds in this action pro se, and his Amended Complaint is vague, prolix, and at times difficult to discern. The following factual allegations, liberally construed, are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff first detected contamination and air pollution under the bedroom of his condominium on June 18, 2015. ECF No. 14 at 5. "Red Sky Condominium Building Manager" Dale Smith ("Smith") and "Red Sky Condominium Director" Henry Hipple ("Hipple") visited Plaintiff's unit after he discovered the contamination. *Id.* Plaintiff made requests to the "HOA[1] Director" and the "HOA's Manager" for the contamination to be removed, but no action was taken to address the problem. *Id.* Plaintiff waited until the end of July, but when the contamination remained, he filed a lawsuit, apparently in Arapahoe County District Court.[2] *Id.* at 5-6.

After Plaintiff filed that lawsuit, the "HOA" stopped cleaning the trash in the hallway between units "H-106 and H-108" and around the staircase. *Id.* at 6. This occurred sometime in 2015. *See id.* at 9. In January 2017, Defendant entered into a contract, apparently with the HOA, for Defendant to maintain the public space in the complex. *Id.* at 10. But Defendant breached the contract and never swept around Plaintiff's unit or the staircase. *Id.* Plaintiff claims he has suffered reduced property value and loss of enjoyment of life as a consequence of the breach. *Id.* Both the "contamination" and the trash accumulation remain at Plaintiff's condominium. *See id.* at 6, 11. On May 16, 2018, Plaintiff spoke by telephone with an unidentified representative of

---

[1] In the context of the Amended Complaint, the Court construes "HOA" to mean Home Owners Association.
[2] The Court has no information as to the identity of the defendants in that suit.

Defendant who "affirmed" that Plaintiff's race (Asian-American) "was the motivator for disdain." *Id.* at 9.

## II.     Procedural History

Plaintiff filed this suit on June 1, 2018.  ECF No. 1.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Honorable Lewis T. Babcock issued an Order to Dismiss in Part and Draw Case on July 31, 2018.  ECF No. 5.  In that Order, he identified the following four causes of action in the Complaint: (1) ADA claims, (2) 42 U.S.C. § 1981 retaliation, (3) claims for "environmental harassment," and (4) "Colorado state tort[s]."[3]  *Id.* at 3.  He dismissed with prejudice Plaintiff's ADA claims as legally frivolous.  *Id.* at 6.  He also noted that Plaintiff's "environmental harassment" and Colorado tort claims may be barred by the doctrine of res judicata, due to Plaintiff's previous lawsuits that were premised on the alleged contamination of his condominium. *Id.* at 3-4.  But Judge Babcock declined to dismiss those claims, because he could not determine whether privity existed between Defendant here and the defendants in the previous suits.  *Id.* at 4. He further found it inappropriate to rule on the merits of Plaintiff's 42 U.S.C. § 1981 claim.  *Id.* at 8.  Accordingly, Judge Babcock dismissed the ADA claims with prejudice, dismissed the claims of "environmental harassment" and "Colorado torts" without prejudice, and ordered assignment to the Honorable R. Brooke Jackson.  *Id.* at 8.

Plaintiff filed the operative Amended Complaint on September 17, 2018, reasserting the same four causes of action.  *See* ECF No. 14 at 3-4.  I construe the allegations to state an injury to himself by the "contamination" and to his property from the trash.  Defendant filed the present Motion to Dismiss on October 9, 2018, ECF No. 19, which was fully briefed on December 7, 2018, *see* ECF No. 39.

---

[3] I discuss below whether Plaintiff states a claim for relief alleging state law torts.

## **LEGAL STANDARDS**

**I.      Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Accordingly, Plaintiff in this case bears the burden of establishing that the Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Amended Complaint's factual allegations for its Rule 12(b)(1) analysis.

## II.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each

alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

### III. Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the

role of advocate for the pro se litigant." *Id*. Accordingly, the court must "not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

Defendant seeks dismissal on three grounds. First, Plaintiff's ADA claims should be dismissed, because Judge Babcock already dismissed them with prejudice. Second, the "environmental harassment" and Colorado tort claims should be dismissed, because they are barred by the doctrine of res judicata. Third, dismissal of the same claims is also warranted, because the applicable statute of limitations has expired.

As a preliminary matter, I have not found a cause of action in Colorado, or any other applicable statute, for "environmental harassment." Further, Plaintiff's Amended Complaint does not identify a common law tort on which to base such a claim. The only statutes Plaintiff cites are Colo. Rev. Stat. §§ 13-21-102 and 13-21-102.5. Those sections do not provide a cause of action, but determine the damages available to a successful plaintiff. Since these claims do not state an entitlement to relief, I respectfully recommend that they be dismissed.

Instead, in addition to the claims identified by Judge Babcock, I perceive facts in the Amended Complaint that could support claims for premises liability and breach of contract. Adhering to the Tenth Circuit's directive that a Court should not dismiss a pro se plaintiff's complaint if it provides factual allegations that plausibly state a claim to relief, I will address whether Plaintiff has alleged cognizable claims under those theories as well.

**I.     ADA Claims**

Defendant first argues Plaintiff's ADA claims should be dismissed, because Judge Babcock already dismissed them with prejudice. In his Order to Dismiss in Part and to Draw Case, Judge Babcock dismissed the ADA claims as frivolous, because the facts alleged in the original Complaint did not plausibly state a cognizable claim under any of the three titles of the ADA. *See* ECF No. 5 at 5. Specifically, he found Title I was inapplicable, because Plaintiff did not allege a necessary employment relationship with Defendant. *Id.* Title II could not support the claim, because Plaintiff did not allege he was denied the public services, programs, or activities that are covered in that Title. *Id.* at 5-6. Most relevant here, Judge Babcock also found that Title III could not support a claim, because it only provides for injunctive relief, and Plaintiff exclusively sought money damages. *Id.* at 6 (citing *Phillips v. Tiona*, 508 F. App'x 737, 754 (10th Cir. 2013)).

Defendant now argues the ADA claims in the Amended Complaint should be dismissed, because they are "not distinguishably different from the allegations in his original Complaint." ECF No. 19 at 3. However, Defendant acknowledges one important exception—the Amended Complaint adds allegations pertaining to "handicap parking." *See, e.g.*, ECF No. 14 at 4, 11, 14. In the Amended Complaint's section for "Request for Relief," Plaintiff seeks the "Court Order . . . [Defendant] provides me a Handicap parking space." *Id.* at 14. Construing the document liberally, I perceive this as a request for injunctive relief under Title III of the ADA. Still, Plaintiff does not allege facts to support the claim.

Title III imposes obligations on certain parties to comply with the ADA. With respect to handicap parking, it "imposes compliance obligations only on a party 'who owns, leases (or leases to), or operates a place of public accommodation.'" *Burningham v. TVI, Inc.*, No. 2:17-cv-00363-TC, 2017 WL 4857555, at *4 (D. Utah Oct. 25, 2017) (quoting 42 U.S.C. § 12182(a)). Thus, to

state a claim, Plaintiff must allege Defendant owns, leases, or operates the parking lot at his condominium. *See id.* (finding that an entity "cannot be liable for defects in [a] parking lot" under the ADA unless it "owns, leases, or operates the parking lot"). But here, this allegation is absent from the Amended Complaint. Plaintiff appears to allege that Defendant had a "contract for sweeping on public space in [his] complex[.]" ECF No. 14 at 10. This allegation does not state that Defendant owns, leases, or operates the parking lot. Although Plaintiff proceeds pro se, I will not add the necessary factual allegation to round out a claim. *Peterson*, 149 F.3d at 1143. This is a "fatal omission" for any claim for injunctive relief based on Title III. *Burningham*, 2017 WL 4857555, at *4. Accordingly, I respectfully recommend the claim be dismissed.

## II.     Res Judicata

Defendant argues Plaintiff's "environmental harassment" and "Colorado tort claims" should be dismissed, because they are barred by the doctrine of res judicata. In his Order, Judge Babcock explicitly recognized that "the claims alleged under . . . 'environmental harassment'[] and Colorado tort law may be barred by res judicata" based on Plaintiff's previous suits for the alleged contamination of his condominium. ECF No. 5 at 3-4. Specifically, Judge Babcock identified cases 16-cv-03111-LTB and 17-cv-02830-LTB as potential cases that may bar this suit. But he declined to dismiss the claims, because it was unclear whether privity existed between the defendants in those suits and Defendant here. *Id.* at 4. The defendants in both of those suits included Hipple and Smith,[4] who are also identified among the allegations in the Amended Complaint. *See* ECF No. 14 at 5.

---

[4] I take judicial notice of the defendants in suits 16-cv-03111-LTB and 17-cv-02830-LTB. Fed. R. Evid. 201 allows courts to take judicial notice of facts 'at any stage of the proceeding' if the facts are 'not subject to reasonable dispute.'" *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212-13 (10th Cir. 2012). A court can take judicial notice of "documents and docket

Defendant argues that Plaintiff's claims are barred, because all the necessary elements for res judicata are met, primarily that Hipple and Smith are in privity with Defendant. ECF No. 19 at 3-5. "The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (alteration in original) (quoting *King v. Union Oil Co.*, 117 F.3d 443, 444-45 (10th Cir. 1997)).

At issue here is the element of privity. "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) (quoting *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989)). "There is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of res judicata . . . ." *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) (quoting *Lowell Staats*, 878 F.2d at 1274-75). "[T]he issue of whether privity exists is a question of fact[.]" *Pelt*, 539 F.3d at 1280.

Defendant attempts to satisfy this factual question by submitting an exhibit that shows Defendant and Hipple and Smith are in privity. ECF No. 19 at 4 (citing ECF No. 19-1). However, this argument requires me to consider a document that is outside the pleadings. While the Tenth Circuit permits consideration of documents outside the pleadings on a Rule 12(b)(6) motion in

---

materials filed in other courts." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014).

certain circumstances, Defendant does not satisfy the necessary burden here. The Tenth Circuit has provided that where a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997). However, Defendant does not attempt to meet any of those elements. *See* ECF No. 19 at 3-5. For example, nothing suggests Plaintiff concedes the purported contract is genuine. Further militating against consideration of the document is the fact that it was not submitted with an affidavit of its authenticity. *Ivar v. Elk River Partners, LLC*, No. 09-cv-00453-CMA-CBS, 2010 WL 331915, at *1 (D. Colo. Jan. 27, 2010) (declining to consider documents that were not accompanied by "any affidavit or other certification explaining that these documents are what they purport to be"); *Smith v. Argent Mortg. Co.*, 237 F.R.D. 436, 438-39 (D. Colo. 2006) (declining to consider a document without an "affidavit, declaration, verified statement under penalty of perjury, or other foundation of admissibility"). Because Defendant has failed to show it was in privity with the defendants in the previous suits, I cannot recommend dismissing the claims at this stage in the litigation.

## III. Statute of Limitations

Defendant also argues that the "environmental harassment" and "Colorado tort claims" should be dismissed, because they are barred by the statute of limitations. ECF No. 19 at 5-6. Defendant argues that both sets of claims are governed by the two-year statute of limitations in Colo. Rev. Stat. § 13-80-102. *Id.* at 6. That statute covers all "[t]ort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract[.]" § 13-80-

102(1)(a). Plaintiff's response does not dispute that a two-year statute of limitations applies. *See* ECF No. 29 at 8.

I find this argument irrelevant as applied to the facts in the Amended Complaint. Most critically, as I already discussed, I have found that the "environmental harassment" and "Colorado torts" are not available causes of action. Moreover, Plaintiff does not allege Defendant had any obligations at his complex until January 2017, which is still within the limitations period. ECF No. 14 at 10. I perceive no plausible claim against Defendant that could be barred by a two-year statute of limitations. Still, Plaintiff does not rebut the argument that a two-year limitations period applies to his claims. *See* ECF No. 29 at 8. To the extent that Plaintiff brings claims based on conduct that occurred before June 1, 2016, I respectfully recommend they be dismissed.

## IV. Additional Claims

The Tenth Circuit has directed that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. I perceive two additional legal theories within the Amended Complaint that might serve as claims for relief in this case. First, Plaintiff alleges facts that could support a claim for premises liability. Second, Plaintiff asserts Defendant breached a contract with the "HOA," and he seeks to recover on that breach.[5]

---

[5] I also note that the facts alleged do not support a negligence claim. First, absent a contract, Defendant did not have a legal duty to protect Plaintiff from suffering physical harm. "Generally, . . . the law does not impose a duty upon a person to take action for the protection of another . . . ." *Perreira v. State*, 768 P.2d 1198, 1208 (Colo. 1989). To the extent that the alleged contract between "Owner" and "HOA" created a duty, that claim may only be redressed through the contract. "A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. A breach of a duty arising

12

A.  Premises Liability

The allegations in the Amended Complaint suggest Plaintiff asserts a claim for premises liability. Colorado's premises liability act "imposes certain duties upon landowners to promote responsibility by both landowners and those on the land and to ensure that an injured party[] [is] ab[le] to recover" for his or her injuries. *Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612, 615 (Colo. App. 2003). A landowner's respective duties to an individual depend on the individual's status as either a trespasser, licensee, or invitee. *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 570 (Colo. 2008).

In this suit, Plaintiff apparently seeks to hold Defendant liable for injuries he has suffered as a result of the contamination that has existed "underneath [the] bedroom" of his condominium since 2015. ECF No. 14 at 5. However, Plaintiff would not succeed on a claim for premises liability, because he could only recover if he were injured "while *on the real property of another*." Colo. Rev. Stat. § 13-21-115(2). In this case, he alleges he was injured on land he owns—a condominium. *See* ECF No. 14 at 12. Black's Law Dictionary defines a condominium as a "single real-estate unit in a multi-unit development in which a person has both separate ownership of a unit and a common interest, along with the development's other owners, in the common areas." Black's Law Dictionary (10th ed. 2014). The Colorado Court of Appeals was presented with an analogous situation in *Acierno v. Trailside Townhome Ass'n, Inc.*, 862 P.2d 975 (Colo. App. 1993). There, the court addressed the issue of whether an "owner" of a "residence in townhome complex" could recover against a company that was contracted to "provide management services" for the

---

independently of any contract duties between the parties, however, may support a tort action." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009) (quoting *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1262 (Colo. 2000)). I address whether Plaintiff may state a claim for breach of contract below.

complex's common areas after she was injured at the community pool. *Id.* at 976. Ultimately, the court concluded that the plaintiff could not state a cognizable claim under Colorado's premises liability act, because she was not injured *on the real property of another*, since she was a co-owner of the property on which she was injured. *Id.* at 977.

Here, like the plaintiff in *Acierno*, Plaintiff alleges he was injured on property he owns—his condominium. Therefore, he has no claim against Defendant for premises liability and I recommend Judge Jackson find Plaintiff cannot recover under this theory.

   B.  <u>Breach of Contract</u>

Plaintiff also alleges Defendant breached a contract with "Owner" and "HOA." I construe this allegation as Plaintiff asserting he was injured as a third-party beneficiary of the contract. Colorado recognizes that a person who is "not a party to an express contract may bring an action on the contract if the parties to the agreement intended to benefit the nonparty, provided that the benefit claimed is a direct and not merely an incidental benefit of the contract." *Harwig v. Downey*, 56 P.3d 1220, 1221 (Colo. App. 2002). "[T]o achieve the status of a third-party beneficiary, an intent to benefit the [purported third-party beneficiary] must be apparent from the agreement terms, surrounding circumstances, or both." *State Farm Fire & Cas. Co. v. Nikitow*, 924 P.2d 1084, 1088 (Colo. App. 1995).

Here, Plaintiff provides a single allegation that a contract existed between Defendant and "Owner and HOA." ECF No. 14 at 11. He also alleges his *property* has been damaged as a result of Defendant's breach of the contract. He states that the value of his condominium has declined because of the trash around his unit. *Id.* at 10. But there is no other allegation in the Amended Complaint that could plausibly suggest Plaintiff's condominium was intended to be a third-party beneficiary to the contract. Plaintiff has not provided a copy of the alleged contract nor specified

14

its terms. Thus, there is no allegation plausibly demonstrating the contract intended Plaintiff's property to be a third-party beneficiary. *See Nikitow*, 924 P.2d at 1088 (examining the terms of the contract to determine whether a party was intended to be a third-party beneficiary). Additionally, there is no allegation of the surrounding circumstances of the formation of the contract to permit such a conclusion. *Id.* Accordingly, I recommend that Judge Jackson find Plaintiff cannot recover under a breach of contract theory.

## **CONCLUSION**

Plaintiff's ADA claims do not survive, because Judge Babcock already dismissed the majority of the claims with prejudice. To the extent Plaintiff asserts a new claim for injunctive relief under Title III of the ADA, it does not plausibly state an entitlement to relief under Rule 12(b)(6). Additionally, Plaintiff's "environmental harassment" and "Colorado tort claims" do not provide a cause of action. Finally, the Amended Complaint does not allege facts sufficient to plausibly state claims for premises liability or breach of contract. For these reasons, I respectfully recommend Defendant's Motion to Dismiss [filed October 9, 2018; ECF No. 19] be **granted**.[6]

---

[6] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Dated at Denver, Colorado this 3rd day of April, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge