IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01351-RBJ-MEH

KENT VU PHAN,

    Plaintiff,

v.

HAMMERSMITH MANAGEMENT, INC. c/o Red Sky Condominium,

    Defendant.

# ORDER

The case is before the Court on defendant's motion to (partially) dismiss and United States Magistrate Judge Michael E. Hegarty's recommendation that the motion be granted. For the reasons discussed in this order, I accept the recommendation and grant the motion for the reasons discussed in this order.

**FACTS AND HISTORY**

On June 8, 2015 Kent Vu Phan detected a foul odor emanating from beneath his recently purchased condominium. He reported the problem to the management of his Home Owners' Association but, he says, they did nothing to identify or remedy it. On July 30, 2015, concerned that what he variously calls either the "pollution" or the "contamination" was exacerbating his asthma, he sued the HOA management and others in the Arapahoe County District Court. Things did not go well there. He alleges that judges in that court ignored his concerns. Indeed (and no doubt with no evidence) he claims that the judges intentionally protected the defendants.

1

He also claims that after he filed that suit the HOA stopped cleaning trash in the hallway and staircase near his unit.

Mr. Phan dropped his state case and turned to the federal court. On December 12, 2016 he filed the first of what ultimately have become four cases arising from the contamination beneath his condominium unit. *Phan v. Hipple,* No. 16-cv-03111-LTB ("*Hipple I*"). He sued two HOA managers, the seller of the unit (and her attorney), a realtor, an inspector and an insurance company. He asserted that he had been discriminated against because of his disabilities and his race, invoking the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1981. He also claimed violation of the Clean Air Act; and unspecified torts; and insurance bad faith. The district court, sua sponte, dismissed the claims in his amended complaint: the ADA and Clean Air Act claims with prejudice as legally frivolous; the racial discrimination claims without prejudice for failing to meet the Rule 8 pleading standard; and the state law claims because the court declined to exercise supplemental jurisdiction. Mr. Phan's appeal was dismissed for lack of jurisdiction on August 24, 2017.

On September 28, 2017 Mr. Phan filed *Phan v. National Jewish Health,* No. 17-cv-02353-LTB, which focused on medical providers who allegedly refused to diagnose that the contamination was a factor that caused or exacerbated asthma and COPD); his insurance agency; and two attorneys. He asserted civil rights claims and violations of the ADA and the

---

[1] My rendition of facts in this order is derived from his allegations, but I have found Mr. Phan's pleadings to be difficult to understand, due in part to a language barrier and in part to his apparent unfamiliarity with the litigation process despite his litigation history. I compared his allegations here with his allegations in his other cases as a sort of double check on my understanding of them. Still, I would not be surprised to learn that I have misunderstood some parts of his story.

Rehabilitation Act. The case was dismissed by the district court on July 31, 2018, and the judgment was affirmed on appeal on February 21, 2019 (mandate).

On November 27, 2017, while the *National Jewish* case was pending, Mr. Phan filed *Phan v. Hipple,* No. 17-cv-2853-LTB (*Hipple II*). This was largely a repetition of *Hipple I.* The same defendants were named. The case was dismissed by the court, sua sponte, on December 19, 2017. The court held that the federal claims were barred by res judicata and declined to exercise supplement jurisdiction over the state claims. ECF No. 5 in that case at 7. The court warned Mr. Phan about possible sanctions if he persists in filing repetitive complaints. *Id.* The district court's judgment was affirmed on appeal on June 19, 2018 (mandate). In its order and judgment issued May 18, 2018 the Tenth Circuit panel found that the 1981 claim was properly dismissed for failure to state a valid claim, and that the other federal claims were barred by res judicata. No. 18 in that case at 8.

On June 1, 2018, shortly after the Tenth Circuit issued its order and judgment in the second *Hipple* case, Mr. Phan filed the present case. The factual allegations regarding the contamination problem emanating from beneath his condominium unit remain essentially the same. This time Mr. Phan named Hammersmith Management, Inc., apparently the current manager of the condominium complex, as the defendant. Mr. Phan's claims as set forth in his initial complaint were based on the ADA and the Rehabilitation Act (disability discrimination); 42 U.S.C. § 1981 (racial discrimination); "environmental harassment;" and "Colorado Torts." *See* ECF No. 1.

Once again the case was initially assigned to Judge Babcock, who for several years has conducted initial reviews of in forma pauperis cases filed by unrepresented parties. In a sua

sponte order issued on July 31, 2018 Judge Babcock provided thumbnail sketches of nine cases that Mr. Phan had filed in this district within the preceding two years, including the three previous cases arising from the condominium contamination issue. ECF No. 5 at 2-9. He then considered whether any claims in the present case were barred by res judicata. Although the court had found a res judicata bar in *Hipple II*, this time the court determined that it was "unclear whether privity exists between the Defendant in this case and those in previous cases." Therefore, Judge Babcock declined to dismiss the case based on res judicata "at this time." ECF No. 5 at 4.

However, the court did find that the facts alleged did not support an arguable claim for relief under the ADA and dismissed that claim with prejudice as legally frivolous. *Id.* at 4-6. Finding that the complaint provided no factual allegations in support of claims of "environmental harassment" or "Colorado Torts," the court dismissed those claims without prejudice for failure to meet Rule 8's pleading standard.

As for the § 1981 claim, the court noted that Mr. Phan alleged that condominium management has refused to clean the area in and around his unit because of his race (Asian), and that on May 16, 2018 an employee of the defendant "affirmed that my race was the motivator for disdain." The court found those allegations to be sufficient to warrant drawing the §1981 claim to a district judge, which is how I ended up being assigned to the case. [2]

---

[2] While preparing this order I discovered two more cases filed in this district by Mr. Phan, one against me, No. 18-cv-03029-LTB, and the other against Judge Babcock and Magistrate Judge Gallagher, No. 18-cv-03163-CMA. I was previously unaware that I had been sued and learned that the case was dismissed three days after it was filed, and that the dismissal was affirmed on appeal. This discovery raised the question in my mind as to whether I should recuse in the present case. The key question is whether a reasonable person, knowing all the relevant facts, would harbor doubts about my impartiality. *See United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993). Being sued could do that. The problem is that Mr. Phan has a history of suing judges who have ruled against him. In addition to his suits against Judge

On September 17, 2018 Mr. Phan filed an amended complaint. ECF No. 14. Having compared the original and amended versions, I find that the amended complaint is the substantially the same as the original except:

- In the section on "Jurisdiction," the amended complaint adds "m-HOA-Breached Fiduciary Duties" and "n-ADA Handicap Parking." *Id.* at 4.
- In the "First Claim for Relief and Support Factual Allegations" he adds details concerning the impact of the contamination on his unit. *Id.* at 10. He also asserts complaints about the HOA's failure to maintain landscaping, the storm sewer pipe (which became blocked, resulting in an assessment), and sprinklers. *Id.* at 12-13. He also notes that the HOA's fees have increased while its services have not. *Id.* at 13.
- He states that he has requested handicapped parking, but his request has been ignored. *Id.* at 13-14. His Request for Relief section adds a request for an order that the defendant provide a handicapped parking space and remove the contamination. *Id.* at 14.

Defendant moved to dismiss plaintiff's claims that were based on the ADA, environmental harassment, and Colorado Torts for failure to state a claim on which relief could be granted (and for attorney's fees and costs). ECF No. 19. Defendant argues that (1) the Amended Complaint re-asserts the ADA claim that Judge Babcock dismissed with prejudice; (2) plaintiff's claims under the ADA, for environmental harassment, and for violations of Colorado tort law are precluded by *res judicata,* having been resolved against Mr. Phan in previous cases;

---

Babcock, Magistrate Judge Gallagher and me, another one of his suits in this district was against two Arapahoe County judges who handled his suit or suits there. In the circumstances, I find that a reasonable person would not harbor doubts about my impartiality (nor do I), and that recusal would be a bad precedent that might encourage repetition of the practice in the future. Therefore, I decline to disqualify myself. "A judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977).

and (3) plaintiff's claims relating to a June 8, 2015 sewer line break are barred by the statute of limitations. *Id.* at 5-6.

I referred the motion to United States Magistrate Judge Michael E. Hegarty for a report and recommendation. ECF No. 20. Mr. Phan filed a response. ECF No. 29. The defendant filed a reply. ECF No. 39. Mr. Phan filed what amounted to a sur-reply, but the magistrate judge struck it for failure to comply with our local rule requiring that the moving party confer with opposing counsel before filing a non-dispositive motion. ECF Nos. 41 and 43.

Mr. Phan also filed a motion to amend pleadings, ECF No. 40. I referred that motion to Magistrate Judge Hegarty, who denied it without prejudice, again because of Mr. Phan's failure to comply with the local rule requiring that he confer with opposing counsel before filing a non-dispositive motion. ECF No. 44. One could hope that after all the cases and years of litigation in this district Mr. Phan might have familiarized himself with these rules. Magistrate Judge Hegarty explained the rule in two Minute Orders. ECF Nos. 43 and 44. Mr. Phan did not file another motion to amend. I will return to that later in this order.

On April 3, 2019, the magistrate in a written order recommended that the motion to dismiss be granted. ECF No. 45. He found:

1. Although Judge Babcock dismissed plaintiff's ADA claims with prejudice as legally frivolous, the Amended Complaint added one new ADA claim based on defendant's failure to provide a handicap parking space. However, Mr. Phan did not allege facts to support the claim. *Id.* at 8-9.

2. The question whether the HOA defendants in two prior suits where Mr. Phan asserted claims of "environmental harassment" and "Colorado Torts" (Mr. Hipple and Mr.

Smith) are in privity with the defendant in the present case (Hammersmith) raises questions of fact that cannot be resolved on a motion to dismiss. Therefore, he did not recommend dismissal of those claims based on res judicata. *Id.* at 9-11.

3. Nevertheless, plaintiff's "environmental harassment" and "Colorado Torts" claims are not available causes of action and should be dismissed. *Id.* at 7, 11-12.[3]

4. Finally, the magistrate judge noted that the Tenth Circuit has directed that in considering pro se pleadings, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). In that spirit the magistrate judge identified two possible legal theories: premises liability and breach of contract. However, because Mr. Phan claims to have been injured on property he owns, he has no viable premises liability claim. And, although plaintiff vaguely alleged that a contract existed between him and the "Owner and HOA," he did not provide a copy of the contract, specify its terms, or plausibly suggest that any provision of the alleged contract would obligated the defendant to cover his personal injuries. *Id.* at 14-15.

Accordingly, the magistrate judge recommended that the motion to dismiss be granted. *Id.* at 15. Mr. Phan filed a timely objection on May 14, 2019. ECF No. 48.

---

[3] The defendant also asserted a statute of limitations defense. Because the "environmental harassment" and "Colorado tort" claims did not state a viable claim, that became irrelevant. Nevertheless, the magistrate judge recommended that to the extent that Mr. Phan brought claims based on conduct that occurred before June 1, 2016, they would also be barred by the statute of limitations.

## STANDARD OF REVIEW

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). For an objection to be proper, it must be timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

## ANALYSIS

I have conducted a de novo review by re-familiarizing myself with the history of this case and Mr. Phan's previous similar cases and then specifically reviewing the amended complaint, the motion to dismiss, the magistrate judge's recommendation, and plaintiff's objection thereto.

A. **ADA**.

The ADA claim (and implicitly plaintiff's reference to the Rehabilitation Act which is substantially similar to the ADA), was dismissed by Judge Babcock with prejudice as legally frivolous. That is the law of the case. Magistrate Judge Hegarty noted that the Amended Complaint added a request for a handicapped parking space. He construed that as a new claim

for injunctive relief under Title III of the ADA that was outside the reach of Judge Babcock's dismissal of the original ADA claim. Magistrate Judge Hegarty explained what the law requires for such a claim and found that Mr. Phan had not alleged facts in the Amended Complaint that would support the claim. In his objection Mr. Phan does not address the handicapped parking space issue at all. I agree with the magistrate judge's recommendation. I further find that raising the ADA claim again (except regarding the handicapped parking space issue) after Judge Babcock expressly found the claim to be legally frivolous and dismissed it with prejudice was itself substantially frivolous.

    B. **Res Judicata.**

In his objection Mr. Phan argues that he is asserting a "continuing violation" against new management who were not in place when he filed his first lawsuit. However, neither Judge Babcock nor Magistrate Judge Hegarty ruled against him based on res judicata.

    C. **Environmental Harassment and Colorado Tort Claims.**

Magistrate Judge Hegarty found that there is no cause of action under Colorado law for "environmental harassment." He apparently, and understandably, interpreted "environmental" as relating to the alleged pollution or contamination near Mr. Phan's unit. Mr. Phan's objection does not address that. Rather, he discusses 42 U.S.C. § 1981 and 24 C.F.R. § 100.600, an anti-discrimination regulation issued by the United States Department of Housing and Urban Affairs to which Mr. Phan made no reference in his amended complaint.

So far as "Colorado Torts" is concerned, the magistrate judge noted that the amended complaint refers to C.R.S. § 13-21-102 and 102.5. ECF No. 14 at 4. However, those statutes do

9

not provide a cause of action; they determine damages available to a successful plaintiff. ECF No. 45 at 7.

I agree that the amended complaint does not state a viable claim for "environmental harassment" in the sense of air pollution, and I agree that the amended complaint does not identify what tort the defendant has allegedly committed. Mr. Phan has had ample opportunity in this case, and previous cases, to explain what those claims are, and he has not done so.

## CONCLUSIONS

First, I agree entirely with the recommendation of Magistrate Judge Hegarty. The ADA claims are dismissed with prejudice. The "environmental harassment" and "Colorado Torts" claims are dismissed with prejudice.

Second, what remains is Mr. Phan's § 1981 claim, namely, his allegation that the defendant has persisted in refusing to remove the source of the alleged contamination under his condominium unit, and in placing trash in the hallway and stairwell near his unit (but not other units) because of his race, Asian. I note that the mere facts that he is of Asian background, and that he claims to be the victim of discrimination on that basis, are not enough to make out a case. He survives the motion to dismiss only because of his allegation that an unidentified representative of the defendant told him that he is being discriminated against because of his race. However, that too will not be enough to survive a motion for summary judgment. He must have admissible evidence, i.e., some evidence other than his assertion, that an identifiable individual employed by the defendant made such a statement. Defendant must have a reasonable opportunity to confirm or deny that this occurred.

Third, because he alluded to it in his objection, although not in his amended complaint, I will comment briefly on 24 C.F.R. § 100.600. That regulation was issued by the United States Department of Housing and Urban Development pursuant to 42 U.S.C. § 3535(d) and 3600-3620 and became effective on October 14, 2016. It deals in general with "Quid pro quo and hostile environment harassment because of race, color, religion, sex, familial status, national origin or handicap." Perhaps that is where Mr. Phan got his phrase, "environmental harassment." Whether that regulation has any application to this case has not been pled, briefed or argued to date.

Finally, it is bewildering that this alleged contamination problem has continued for more than four years. I have seen no evidence that the parties have heretofore made a reasonable, good faith effort to resolve the problems other than in litigation. I will address that below.

**ORDER**

1. The Court ACCEPTS AND ADOPTS the recommendation of Magistrate Judge Hegarty, ECF No. 45.

2. Defendant's motion to (partially) dismiss, ECF No. 19, is GRANTED. Plaintiff's ADA claim and his Rehabilitation Act claim are dismissed with prejudice. Plaintiff's "environmental harassment" claim, to the extent it concerns "environment" in the sense of pollution or contamination, is dismissed with prejudice. Plaintiff's "Colorado Torts" claim is dismissed with prejudice.

3. The Court orders the parties to engage in one good faith effort to settle their disputes in a mediation conducted by a professional mediator before they file any new motions in this case. If they jointly request a settlement conference with Magistrate Judge

Hegarty, the Court will refer the case to him for that purpose. Otherwise, they must participate in one session with a private mediator. If they report back to the Court that they have done so but have not resolved their disputes, then they may file such further pleadings as they deem appropriate, provided that the plaintiff may not again file claims that have been dismissed with prejudice.

4. The Court takes under advisement defendant's request for an attorney's fee or other sanction for abusive litigation conduct.

DATED this day 16th day of July, 2019.

BY THE COURT:

*R. Brooke Jackson*

R. Brooke Jackson
United States District Judge